■ In the Matter of SHAUN DAVIS, Infant, by His Mother and Natural Guardian, RUBY DAVIS, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding pursuant to section 618 of the Insurance Law for permission to institute an action against appellant to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Queens County, dated May 22, 1972, which granted the application. Order reversed, without costs, and proceeding remitted to Special Term for a hearing and new determination in accordance with the views set forth herein. In our opinion, an issue of fact was presented as to whether the identity of the driver of the automobile involved in the accident was known or not. Absent clear proof on that issue in the moving papers, the prerequisite for granting the application, i.e., that the identity of the driver is unknown (see Matter of Chocko v. MVAIC, 20 A D 2d 728), must be established at a hearing (Matter of Malitz v. MVAIC, 17 A D 2d 108; Matter of Wallace v. MVAIC, 25 N Y 2d 384; cf. Paige v. MVAIC, 34 A D 2d 568; Matter of Edwards v. MVAIC, 36 A D 2d 841). Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.

■ In the Matter of JOSEPH GULLA, Petitioner, v. JOHN F. LOMENZO, as Secretary of State, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Secretary of State, dated October 12, 1972, which denied petitioner's application for a private investigator's license, after a hearing. Determination annulled, on the law, without costs, and matter remitted to said respondent for further consideration not inconsistent herewith. From 1964 until the time petitioner applied for the license in 1971 he was retained by a law firm in the capacity of an investigator. The ground upon which his application for a license was denied was that it was found that he had not met the statutory requirement of regular employment as a private investigator for a period of not less than three years (General Business Law, § 72, subd. 1). The record shows that petitioner employed his time and talents in compliance with the statute and that his work was as an investigator. His services as an independent contractor for the law firm for about seven years qualified him as a candidate for licensing under a liberal reading of the statute. To hold to the contrary would not be in furtherance of the legislative intent. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.